## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDELL K. BROWN,** | : | **CIVIL NO. 3:-09-CV-0933** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **KEVIN DEPARLOS,  et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Wendell K. Brown ("Brown") initiated this action on May 18, 2009.  (Doc. 1.)  Presently pending is a motion for summary judgment (Doc. 117) filed pursuant to Federal Rule of Civil Procedure 56, on behalf of remaining defendants Kim Poorman ("Poorman"), Cathy, Judy, Darlene and Tammy.[1]  The motion is ripe for disposition and, for the reasons set forth below, will be granted.

## I.      Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents,

---

[1] The only remaining claim is a 42 U.S.C. § 1983 civil rights claim that nurses Kim Poorman, Cathy, Judy, Darlene and Tammy denied Brown adequate medical care in violation of the Eighth Amendment.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

## II.   **Statement of Facts**

With the above standard of review in mind, the following are the facts material to defendants' motion for summary judgment.

On March 16, 2008, Brown was treated at a Williamsport hospital emergency room for injuries he received as a result of being in a fight. (Doc. 122, ¶ 21.) Upon being discharged from the hospital, he was arrested and transported to the Lycoming County Prison ("LCP"). (Id. at ¶ 22.) He was incarcerated at the prison from March 16, 2008 to November 16, 2008, and then recommitted again on January 17, 2009 until March 18, 2010. (Doc. 122, ¶ 14.)

While incarcerated at LCP, Brown suffered from chronic neck, back and shoulder pain and muscle spasms. (Doc. 122-2, 1-54; Doc. 122-3, 1.) He routinely sought and received treatment from the medical department. (Doc. 114, 1; Doc. 114-1; Doc. 114-2; Doc. 114-4; Doc. 114-5; Doc. 122-2, 1-54; Doc. 122-3, 1; Doc. 122-3, 75-84; Doc. 122-4, 1-90) He was prescribed various medication for his ailments. (Id.) Prescription medication was

2

dispensed to him on a daily basis. (Doc. 122-3,12-74.)  Brown contends that defendants

denied him his prescribed pain and spasm medication and denied him access to the LCP

prison doctor and psychiatrist.  (Doc. 1 at ¶¶ 2-5; 11-12; Doc. 125, at ¶¶ 3-5.)

The LCP's Inmate Handbook is distributed to all inmates upon commitment to the

prison.  (Doc. 122, ¶ 1.)  The handbook sets forth a grievance procedure for inmate

complaints.  (Id. at ¶ 2.)  As part of the grievance procedure, inmates are required to provide

a formal written grievance initially to the shift Lieutenant Sergeant.  (Id. at ¶ 5.)  Upon

receipt of a grievance, the shift Lieutenant or Sergeant is required to review the inmate's

complaint and take action if the grievance has merit.  (Id. at ¶ 7.)  If the inmate is dissatisfied

with the decision, he may then file a written complaint with the deputy warden or warden.

(Id. at ¶ 8.)  If the inmate is not satisfied with the decision of the deputy or warden, then he is

required to file a written complaint to the Lycoming County Prison Board.  (Id. at ¶ 9.)

Brown contends that he filed a grievance in accordance with the Inmate Handbook.

(Doc. 125, ¶ 1, Exhibits A, B.)  However, review of the exhibits reveals that these documents

are inmate request slips for medical care, not grievances.  (Doc. 114, 1; Doc. 114-1.)

"Plaintiff submitted only one grievance to the Lycoming County Prison Board dated

December 10, 2009 relevant to the contracted physician discontinuing some of his

medications in November 2009 because he was caught for the second time saving his

medications."  (Doc. 122-5, at ¶ 11.)  The prison board responded to the grievance on

January 25, 2010 stating "[y]our Final Administrative Appeal dated December 10, 2009 is

3

denied. Upon review of this matter with the Prison Administration and records, your medication was discontinued after you were found saving it; after you were warned that your medication would be discontinued if you saved your medication again; and only after you were found saving it for a second time." (Doc. 122-4, at 37.)

The instant action was commenced on May 18, 2009. (Doc. 1.)

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

Significantly, the Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

4

available are exhausted." 42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71.  The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90-91.  Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  Id. at 93 (quoting Porter, 534 U.S. at 525)).

Defendants seek an entry of judgment on the ground that Brown failed to

administratively exhaust his claims against defendants.[2]  Although he filed a grievance concerning his prescription medication, defendants provide unrebutted evidence that Brown did not file his grievance until after he filed this action.  Because Brown failed to exhaust his administrative remedies with respect to any of his claims prior to seeking redress in federal court, defendants' motion for summary judgment will be granted.

## IV.    Conclusion

Based on the foregoing, defendants' motion for summary judgment (Doc. 117 )will be granted.  An appropriate order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: January 13, 2012

---

[2]Because there is no indication that Brown was prejudiced by defendants raising failure to exhaust administrative remedies at this juncture in the proceedings, the argument will be considered.  Charpentier v. Godsil, 937 F.2d 859, 863 (finding that "failure to raise an affirmative defense by responsive pleading or appropriate motion, however, does not always result in waiver.")

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WENDELL K. BROWN,            :      CIVIL NO.  3:-09-CV-0933
            **Plaintiff**      :
                    :      **(Judge Munley)**
     **v.**              :
                    :
KEVIN DEPARLOS,  et al.,      :
          **Defendants**  :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 13th day of January 2012, upon consideration of the motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 on behalf of defendants Poorman, Cathy, Judy, Darlene and Tammy (Doc. 117), and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 117) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants Poorman, Cathy, Judy, Darlene and Tammy and against plaintiff.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

           **BY THE COURT:**

           **s/James M. Munley**
           **JUDGE JAMES M. MUNLEY**
           **United States District Court**